UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| JOHNOTHAN LAYNE, individually and on behalf of others similarly situated,<br><br>*Plaintiff*,<br><br>vs.<br><br>JSET AUTOMATED TECHNOLOGIES, LLC<br><br>*Defendant*. | CLASS AND COLLECTIVE ACTION COMPLAINT<br><br>Jury Trial Demanded<br><br>Civil Action No.: |

## CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiff JOHNOTHAN LAYNE ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorneys, BROWN, LLC, upon personal knowledge as to himself and upon information and belief as to other matters, alleges as follows:

## INTRODUCTION

1. This is a collective action on behalf of Plaintiff and all others similarly situated who worked for Defendant JSET AUTOMATED TECHNOLOGIES, LLC ("Defendant") as hourly-paid, non-exempt employees and who were unlawfully denied wages for all hours worked and overtime compensation as a result of Defendant's timekeeping and payroll practices, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and Ohio law.

2. Plaintiff brings this action individually and on behalf of all other similarly situated hourly-paid, non-exempt employees who elect to opt in to this action pursuant to the FLSA, 29 U.S.C. § 216(b), to recover unpaid wages and overtime compensation unlawfully withheld by Defendant, liquidated damages as provided by 29 U.S.C. § 216(b), and reasonable attorneys' fees and costs.

3. Plaintiff also brings this action individually and on behalf of all other similarly situated Rule 23 class members to recover unpaid straight time and overtime wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs as a result of Defendant's willful violations of the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), Ohio Rev. Code § 4111.01 *et seq.*, the Ohio Prompt Pay Act ("OPPA"), Ohio Rev. Code § 4113.15, and Ohio Rev. Code § 2307.60.

4. Defendant violates the FLSA and Ohio law through its unlawful timekeeping and payroll practices for non-exempt hourly employees, including: Failing to record and pay employees for all hours worked by crediting and paying time based on employer-controlled timekeeping and payroll practices rather than all compensable work time performed, including through automatic meal deductions and other practices that reduce paid hours.

5. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) of the FLSA, individually and on behalf of a putative FLSA Collective defined as:

> *All hourly-paid, non-exempt employees employed by Defendant who were subject to Defendant's timekeeping and payroll practices that determined the hours credited for compensation at any time within the three (3) years preceding the filing of this action through the date of final judgment.*

6. Plaintiff brings this action pursuant to Fed. R. Civ. P. Rule 23, individually and on behalf of a putative Rule 23 Ohio Class defined as:

> *All hourly-paid, non-exempt employees employed by Defendant in the State of Ohio who were subject to Defendant's timekeeping and payroll practices that determined the hours credited for compensation at any time within the three (3) years preceding the filing of this action through the date of final judgment.*

**JURISDICTION AND VENUE**

7. This Court has subject-matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under the FLSA, 29 U.S.C. § 201 *et seq*.

8. This Court has supplemental jurisdiction over Plaintiff's Ohio state law claims pursuant to 28 U.S.C. § 1367 because those claims derive from the same common nucleus of operative facts as Plaintiff's federal claims.

9. This Court has personal jurisdiction over Defendant because Defendant conducts substantial business operations within this District, employs workers in this District, and committed the unlawful wage and hour practices alleged herein within this District.

10. Venue is proper in the Southern District of Ohio pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2) because Defendant resides in this District and a substantial part of the events or omissions giving rise to the claims occurred in this District.

## PARTIES

***Defendant***

11. Defendant is a business entity organized and existing under the laws of the State of Delaware and is registered to do business in Ohio. Upon information and belief, Defendant maintains its headquarters at 1900 Jetway Blvd., Columbus, Ohio 43219, and conducts substantial business operations throughout Ohio, including within this District.

12. Defendant provides automation, integration, installation, maintenance, and related services for commercial, industrial, and data center clients, including building automation systems and control technologies, and, during the relevant time period, employed Plaintiff and members of the FLSA Collective and Rule 23 Ohio Class as hourly-paid, non-exempt employees who performed field, technical, installation, maintenance, support, and related work for Defendant's business operations.

***Plaintiff***

13. Plaintiff is a resident of Fairfield County, Ohio. Plaintiff was employed by Defendant as an ESH Specialist in Ohio during the relevant time period and was subject to Defendant's timekeeping and payroll practices. Notice of Consent to Join attached as **Exhibit A**.

## FACTUAL ALLEGATIONS

***Defendant's Operations and Workforce***

14. Defendant provides automation, integration, installation, maintenance, and related services for commercial and industrial clients and performs work in Ohio.

15. Defendant employs hourly-paid, non-exempt employees to perform field, technical, installation, maintenance, support, and related work in Ohio.

16. Defendant's timekeeping and payroll practices apply to hourly-paid, non-exempt employees on a common basis and result in employees being paid for fewer hours than they actually worked.

17. Hourly-paid, non-exempt employees are subject to Defendant's timekeeping policies and payroll practices and are paid based on the hours Defendant credits through its timekeeping and payroll system.

18. Defendant maintains centralized timekeeping and payroll systems that control how employee work time is recorded, adjusted, and paid. Through these systems and policies, Defendant determines the hours credited for compensation.

19. Defendant controls the manner in which employee work time is recorded, adjusted, and processed for payroll.

***Timekeeping and Payroll System***

20. Defendant uses an electronic timekeeping and payroll system for hourly-paid, non-exempt employees working in Ohio.

21. Hourly-paid, non-exempt employees record their work time through Defendant's timekeeping system, and Defendant uses that time data to calculate and pay wages through payroll.

22. Defendant maintains written policies governing timekeeping, including policies requiring non-exempt employees to record work time through Defendant's timekeeping system.

23. Defendant's written timekeeping policies require employees to clock in and clock out at a designated location.

24. Defendant's written timekeeping policies restrict early clock-ins and prohibit employees from performing "unscheduled" work time without prior authorization, including clocking in early, clocking out late, and working through scheduled break or meal periods without prior approval.

25. Defendant maintains control over timekeeping corrections and adjustments, including the authority to determine whether recorded time is credited and paid.

26. Defendant's written timekeeping policies state that discrepancies in timekeeping may result in discipline, up to and including termination.

27. Defendant issues pay statements reflecting paid hours derived from its timekeeping and payroll practices.

28. Defendant pays hourly-paid, non-exempt employees on regular paydays based on the hours it credits through its timekeeping and payroll practices.

29. Defendant maintains and retains timekeeping and payroll records for hourly-paid, non-exempt employees and uses those records to determine paid hours and wages.

***Time-Shaving Practices and Underpayment of Wages***

30. Defendant maintains timekeeping and payroll practices that reduce compensable work time credited and paid to hourly-paid employees.

31. These practices include employer-controlled timekeeping rules, payroll processing practices, and other policies that reduce the hours credited for compensation.

32. As a result of these practices, employees are not paid for all compensable work time they perform.

33. In addition, Defendant's control over timekeeping adjustments and payroll processing results in employees being credited with fewer hours than they actually worked in some workweeks.

34. Defendant's timekeeping and payroll practices result in employees not being paid for all compensable work time occurring before and after scheduled shifts.

35. Across representative weeks, time and pay records reflect recurring shortfalls between punched hours and paid hours, among other indicators of underpayment.

36. As a result of Defendant's pay practices, hourly-paid, non-exempt employees are not paid for all the time they are on the clock and performing compensable work.

37. In some workweeks, Defendant's practices deprived employees of straight-time wages for compensable work performed.

38. In other workweeks, including workweeks in which employees work more than forty (40) hours, Defendant's practices result in employees not receiving overtime compensation at the required premium rate for all overtime hours worked.

39. Hourly-paid, non-exempt employees are entitled to overtime compensation at one and one-half times their regular rate of pay for all hours worked over forty (40) in a workweek.

40. For example, during one workweek in approximately September 2025, Plaintiff worked more than forty (40) hours for Defendant but was not paid overtime compensation at the required premium rate for all hours worked over forty.

***Automatic Meal Deductions and Unpaid Work During Meal Periods***

41. Defendant maintains written policies addressing meal periods for hourly-paid, non-exempt employees.

42. Defendant's written policies provide that a thirty (30) minute meal period will automatically be deducted from an employee's hours each day.

43. Although Defendant maintains a process for addressing missed or interrupted meal periods, hourly-paid, non-exempt employees are discouraged from seeking corrections, and the automatic deduction routinely remains in place.

44. Defendant's written policies further provide that employees are not permitted to perform work during meal periods and that working through a scheduled meal period is not permitted without prior authorization from management.

45. In practice, hourly-paid, non-exempt employees **perform** work during meal periods and **have** meal periods missed or interrupted.

46. Despite work performed during meal periods, Defendant's automatic deduction practices resulted in employees not being paid for all compensable work time, including time worked during meal periods.

47. Defendant knows or should know its timekeeping and payroll practices resulted in underpayment because Defendant controlled the timekeeping system and payroll practices used to calculate and pay wages.

48. Through these policies and practices, Defendant has failed to pay the members of the FLSA Collective and the Rule 23 Ohio Class all wages due for straight-time and overtime hours worked.

## COLLECTIVE ACTION ALLEGATIONS

49. Plaintiff re-alleges and incorporates all previous paragraphs herein.

50. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) of the FLSA on his own behalf and on behalf of the FLSA Collective defined above.

51. At all relevant times, Defendant was and continues to be an "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

52. At all relevant times, Defendant operated an enterprise engaged in commerce within the meaning of the FLSA.

53. At all relevant times, Defendant operated an enterprise that had two or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce.

54. At all relevant times, Defendant operated an enterprise with an annual gross volume of sales made or business done in excess of $500,000.

55. At all relevant times, Plaintiff and other members of the FLSA Collective were engaged in commerce and/or were subject to individual coverage under the FLSA.

56. Plaintiff and other members of the FLSA Collective regularly worked more than forty (40) hours in a workweek as suffered or permitted by Defendant.

57. Defendant subjected Plaintiff and other members of the FLSA Collective to uniform and unlawful timekeeping and payroll practices that resulted in employees not being paid for all hours worked and not receiving overtime compensation required by the FLSA.

58. These unlawful practices arise from common, centralized timekeeping and payroll practices applied to hourly-paid, non-exempt employees, not discretionary decisions unique to individual employees.

59. Defendant failed to pay Plaintiff and other members of the FLSA Collective overtime compensation at a rate not less than one and one-half (1.5) times their regular rate of pay for all hours worked in excess of forty (40) in a workweek, as required by the FLSA.

60. As a result of Defendant's unlawful practices, in many workweeks, Plaintiff and other members of the FLSA Collective worked more than forty (40) hours. Yet, they were not paid overtime compensation at the required premium rate.

61. Defendant's conduct and practices were willful and not undertaken in good faith. Defendant knew or recklessly disregarded that its timekeeping and payroll practices resulted in employees not receiving proper overtime compensation under the FLSA.

62. Plaintiff and other members of the FLSA Collective were subjected to the same common unlawful policies and practices that violated the FLSA.

63. With respect to the claims set forth herein, a collective action under the FLSA is appropriate because Plaintiff and the members of the FLSA Collective are similarly situated within the meaning of 29 U.S.C. § 216(b). Plaintiff and the FLSA Collective members are similarly situated because they were all hourly-paid, non-exempt employees who were subject to the same or similar timekeeping and payroll practices, and their claims arise from the same factual and legal theories.

64. Defendant maintains policies and practices that result in hourly-paid employees not being paid for compensable work performed before and after scheduled shifts.

65. Defendant's common timekeeping and payroll practices resulted in hourly-paid, non-exempt employees being paid for fewer hours than they worked, including compensable work time before and after scheduled shifts, and the resulting suppression of straight-time and overtime wages.

66. The application of Defendant's unlawful policies and practices did not depend on the individualized circumstances of Plaintiff or other members of the FLSA Collective. Rather, the same practices are applied uniformly to all members of the FLSA Collective.

67. The FLSA Collective consists of numerous similarly situated hourly-paid employees. The precise number of FLSA Collective members is readily ascertainable from Defendant's payroll and personnel records.

**RULE 23 OHIO CLASS ACTION ALLEGATIONS**

68. Plaintiff re-alleges and incorporates all previous paragraphs herein.

69. Plaintiff also seeks to maintain this action pursuant to Federal Rule of Civil Procedure 23 as an opt-out class action on behalf of the Rule 23 Ohio Class defined above, consisting of hourly-paid, non-exempt employees in Ohio who were subject to Defendant's timekeeping and payroll practices and were affected by Defendant's common and unlawful timekeeping and payroll practices, including failing to pay straight-time and overtime compensation, in violation of the OMFWSA, the OPPA, and Ohio Rev. Code § 2307.60.

70. Plaintiff brings this Rule 23 class action to recover unpaid straight-time and overtime wages, statutory damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs pursuant to the OMFWSA, the OPPA, and Ohio Rev. Code § 2307.60.

71. Damages to Rule 23 Class members can be calculated using Defendant's own timekeeping, payroll, and personnel records through common proof.

72. The members of the Rule 23 Class are so numerous that joinder of all Class members is impracticable. The members of the Rule 23 Class are readily identifiable from Defendant's payroll, timekeeping, and personnel records.

73. There is a well-defined community of interest among the Rule 23 Class members, and common questions of law and fact predominate over any questions affecting individual Class members.

74. Common questions of law and fact include whether Defendant maintained common timekeeping and payroll practices that reduced employees' credited work hours.

75. Common questions also include whether those practices resulted in the failure to pay straight-time and overtime compensation required by law.

76. Plaintiff's claims are typical of the claims of the Rule 23 Class members because Plaintiff and other Class members suffered damages as a direct and proximate result of Defendant's common and systemic payroll policies and practices. All Class members are subject to the same corporate-wide practices of Defendant. Separate litigation by individual employees would present a risk of inconsistent or varying adjudications.

77. All Class members were treated the same or similarly by Defendant with respect to pay practices, including but not limited to the failure to pay straight-time and overtime wages. Accordingly, common questions of law and fact apply to each and every member of the Rule 23 Class.

78. Plaintiff will fairly and adequately protect the interests of the Rule 23 Class. Plaintiff has retained counsel experienced in the prosecution of wage-and-hour class and collective actions. Neither Plaintiff nor his counsel has interests that are antagonistic to or in conflict with the interests of the Rule 23 Class members.

79. Defendant's corporate-wide policies and practices affected all Rule 23 Class members similarly, and Defendant benefited from the same type of unlawful conduct with respect to each Class member. Plaintiff's claims arise from the same legal theories as those of the Rule 23 Class, making this action manageable and efficient as a Rule 23 class action.

80. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because the damages suffered by individual Class members are relatively small, making individual litigation economically impracticable. Proceeding as a class action will also avoid duplicative litigation and inconsistent results.

81. This action is manageable as a Rule 23 class action, and Plaintiff and his counsel are aware of no unusual difficulties that would preclude class treatment of the claims.

82. Because the requirements of Rule 23(b)(3) are satisfied, certification of the Rule 23 Class is appropriate.

**COUNT I**
**(Individual and 29 U.S.C. § 216(b) Collective Action Claims)**
**Violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.***
**Failure to Pay Overtime Wages**

83. Plaintiff re-alleges and incorporates all previous paragraphs herein.

84. 29 U.S.C. § 207(a)(1) provides:

> [N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

85. At all relevant times, Plaintiff and members of the FLSA Collective were non-exempt employees under the FLSA.

86. At all relevant times, Defendant was an employer within the meaning of the FLSA.

87. At all relevant times, Defendant suffered or permitted Plaintiff and members of the FLSA Collective to work in excess of forty (40) hours in one or more workweeks.

88. Defendant failed to pay Plaintiff and members of the FLSA Collective overtime compensation at a rate not less than one and one-half (1.5) times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek.

89. Defendant's failure to pay overtime compensation was the result of Defendant's unlawful timekeeping and payroll practices, including practices that reduced compensable time credited and paid, and automatic meal deductions even when work was performed.

90. Defendant's violations of the FLSA were willful.

91. As a result of Defendant's FLSA violations, Plaintiff and members of the FLSA Collective have suffered damages, including unpaid overtime wages.

92. Pursuant to 29 U.S.C. § 216(b), Defendant is liable to Plaintiff and the FLSA Collective members for unpaid overtime wages, an additional equal amount as liquidated damages, and reasonable attorneys' fees and costs.

**COUNT II**
**<u>(Individual and Fed. R. Civ. P. 23 Class Action Claims)</u>**
**<u>Violation of the Ohio Minimum Fair Wage Standards Act ("OMFWSA")</u>**
**<u>Failure to Pay Overtime Wages</u>**

93. Plaintiff re-alleges and incorporates all previous paragraphs herein.

94. The OMFWSA requires employers to pay non-exempt employees overtime compensation at a rate of not less than one and one-half (1.5) times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek. See Ohio Rev. Code § 4111.03(A).

95. Defendant was an "employer" of Plaintiff and the members of the Rule 23 Ohio Class within the meaning of the OMFWSA.

96. Plaintiff and the members of the Rule 23 Ohio Class were "employees" of Defendant within the meaning of the OMFWSA.

97. Defendant employed Plaintiff and the members of the Rule 23 Ohio Class within the State of Ohio during the applicable limitations period.

98. Defendant required Plaintiff and the members of the Rule 23 Ohio Class to work more than forty (40) hours in one or more workweeks.

99. Defendant failed to pay Plaintiff and the members of the Rule 23 Ohio Class for all hours worked in excess of forty (40) hours in a workweek, including compensable time worked before and after scheduled shifts that were not fully paid.

100. In many workweeks, Plaintiff and the members of the Rule 23 Ohio Class worked in excess of forty (40) hours but were not compensated at one and one-half (1.5) times their regular rates of pay for all overtime hours worked.

101. Defendant knowingly and/or recklessly disregarded its obligations under Ohio law to ensure that all overtime hours worked by Plaintiff and the members of the Rule 23 Ohio Class were accurately recorded and properly compensated at the required premium rate.

102. As a result of Defendant's uniform and common policies and practices described above, Plaintiff and the members of the Rule 23 Ohio Class were unlawfully deprived of overtime compensation earned, in amounts to be determined at trial, and are entitled to recover unpaid overtime wages, straight-time wages for unpaid hours worked up to forty (40) hours in workweeks in which overtime was worked, liquidated damages, pre- and post-judgment interest, reasonable attorneys' fees, costs, and all other relief available under Ohio Rev. Code §§ 4111.03 and 4111.10.

**COUNT III**
**(Individual and Fed. R. Civ. P. 23 Class Action Claims)**
**Violation of the Ohio Prompt Pay Act ("OPPA")**
**Failure to Pay All Wages Due**

103. Plaintiff re-alleges and incorporates all previous paragraphs herein.

104. The Ohio Prompt Pay Act requires employers to timely pay employees all wages earned for work performed. See Ohio Rev. Code § 4113.15.

105. Defendant was an "employer" of Plaintiff and the members of the Rule 23 Ohio Class within the meaning of the OPPA.

106. Plaintiff and the members of the Rule 23 Ohio Class were "employees" of Defendant within the meaning of the OPPA.

107. The unpaid straight-time wages at issue constitute earned wages under the Ohio Prompt Pay Act, regardless of whether overtime compensation was also owed in the same workweek.

108. Defendant employed Plaintiff and the members of the Rule 23 Ohio Class in the State of Ohio during the applicable limitations period.

109. Defendant failed to pay Plaintiff and the members of the Rule 23 Ohio Class all wages earned by paying employees for fewer hours than they actually worked.

110. Defendant paid Plaintiff and the members of the Rule 23 Ohio Class for fewer hours than they worked, including compensable time worked before and after scheduled shifts.

111. As a result of Defendant's payroll practices, Plaintiff and the members of the Rule 23 Ohio Class were not paid straight-time wages owed for compensable work performed, even in workweeks in which overtime compensation was also due.

112. Defendant's failure to pay all wages due was knowing, willful, and not the result of a bona fide error, and Defendant failed to promptly correct or reimburse employees for the unpaid wages.

113. As a result of Defendant's violations of the OPPA, Plaintiff and the members of the Rule 23 Ohio Class were unlawfully deprived of earned wages, in amounts to be determined at trial, and are entitled to recover unpaid wages, liquidated damages, statutory damages, interest, reasonable attorneys' fees, costs, and all other relief available pursuant to Ohio Rev. Code § 4113.15 to the extent the wages are not in contest or dispute within the meaning of the statute.

**COUNT IV**
**(Individual and Rule 23 Class Claims)**
**Ohio Rev. Code § 2307.60**
**Civil Action for Damages Resulting from Criminal Acts**

114. Plaintiff re-alleges and incorporates all previous paragraphs herein.

115. Ohio Rev. Code § 2307.60 authorizes a civil action for damages by any person injured in person or property as a result of a criminal act.

116. Defendant was an "employer" of Plaintiff and the members of the Rule 23 Ohio Class during the relevant time period.

117. Plaintiff and the members of the Rule 23 Ohio Class had a property interest in wages earned for compensable work performed, including straight-time and overtime wages.

118. Defendant employed Plaintiff and the members of the Rule 23 Ohio Class in the State of Ohio during the applicable limitations period.

119. Defendant knowingly deprived Plaintiff and members of the Rule 23 Ohio Class of their property, namely earned wages, by reducing the hours for which employees were paid below the hours they actually worked, as reflected by Defendant's own timekeeping and payroll records.

120. Defendant continued to apply these timekeeping and payroll practices despite knowledge that recorded time was not being fully credited or paid.

121. The wages deprived constitute "property" within the meaning of Ohio Rev. Code § 2913.01(D), as they were earned compensation owed to employees for compensable work performed.

122. As a direct and proximate result of Defendant's theft offense in violation of Ohio Rev. Code § 2913.02, Plaintiff and the members of the Rule 23 Ohio Class are entitled to recover damages and civil remedies pursuant to Ohio Rev. Code § 2307.60.

123. Defendant's conduct constituted theft in violation of Ohio Rev. Code § 2913.02 and directly and proximately caused injury to Plaintiff's and the Rule 23 Ohio Class members' property interests by depriving them of wages earned for compensable work performed. As a result of Defendant's violations of Ohio Rev. Code § 2307.60, Plaintiff and the members of the Rule 23

Ohio Class are entitled to recover all damages permitted by law, including compensatory damages, costs, and all other relief available under Ohio Rev. Code § 2307.60.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the FLSA Collective and the Rule 23 Ohio Class, respectfully requests that the Court enter judgment in his favor and against Defendant, and grant the following relief:

A. Certification of this action as a collective action under 29 U.S.C. § 216(b) on behalf of the FLSA Collective, and authorization of notice to similarly situated employees;

B. Certification of the Rule 23 Ohio Class pursuant to Fed. R. Civ. P. 23, appointment of Plaintiff as Class Representative, and appointment of Plaintiff's counsel as Class Counsel;

C. A declaratory judgment that Defendant's policies and practices violated the FLSA, the OMFWSA, the OPPA, and Ohio Rev. Code § 2307.60;

D. To the extent permitted by law, appropriate equitable and declaratory relief requiring Defendant to comply with applicable wage-and-hour recordkeeping and pay requirements;

E. An award of unpaid straight-time wages and overtime compensation to Plaintiff and members of the FLSA Collective and Rule 23 Ohio Class, in amounts to be determined at trial;

F. An award of liquidated damages to Plaintiff and members of the FLSA Collective pursuant to 29 U.S.C. § 216(b);

G. An award of statutory damages, interest, and all other relief available under the OMFWSA, the OPPA, and Ohio Rev. Code § 2307.60;

H. Pre-judgment and post-judgment interest as permitted by law;

I. An award of reasonable attorneys' fees and costs incurred in this action pursuant to 29 U.S.C. § 216(b), Ohio Rev. Code § 4113.15, and any other applicable authority;

J. Such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff, individually and on behalf of all others similarly situated, by and through his attorneys, hereby demand a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above entitled cause.

Dated: April 10, 2026

By: */s/Robert E. DeRose*
Robert E. DeRose (OH Bar No.0055214)
Anna R. Doren (OH Bar No. 0104562)
**Barkan Meizlish DeRose Cox, LLP**
4200 Regent Street, Ste 210
Columbus, Ohio 43219
Telephone: 614-221-4221
Fax: 614-744-2300
Email: bderose@barkanmeizlish.com
adoren@barkanmeizlish.com

*Local Counsel for Plaintiff*

By: */s/ Nicholas Conlon*
Nicholas Conlon (to seek PHV)
Michael Rinderman (to seek PHV)
**BROWN, LLC**
111 Town Square Place, Suite 400
Jersey City, NJ 07310
T: (877) 561-0000
F: (855) 582-5279
nicholasconlon@jtblawgroup.com
michael.rinderman@jtblawgroup.com

*Lead Counsel for Plaintiff*